Thomas D. EDWARDS, Plaintiff,

v.

NORFOLK SOUTHERN CORPORATION, Defendant.

Civ. A. No. 92–870–R.

United States District Court, W.D. Virginia, Roanoke Division.

Jan. 10, 1994.

---

Charles Richard Cranwell, Harris Keith Moore, Cranwell & Moore, Roanoke, VA, for plaintiff.

Thomas D. Edwards, pro se.

Thomas Towles Lawson, William Fain Rutherford, Jr., Woods, Rogers & Hazlegrove, P.L.C., Roanoke, VA, for defendant.

### MEMORANDUM OPINION

TURK, District Judge.

Thomas Edwards, a former employee in Norfolk Southern's ("NS") tax department, brings this suit alleging violations by NS of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") and the Civil Rights Act of 1991. Edwards alleges that NS failed to promote him and terminated him because of his age and sex. This suit is presently before the Court on Norfolk Southern's motion for summary judgment.

### I.

Thomas Edwards began his employment at Norfolk Southern in 1956. He became a tax accountant in NS's tax department in 1968. He held the position of State Tax Accountant from 1983 until his termination on August 1, 1991. Edward's work record at Norfolk Southern contains several problems, including poor job performance evaluations, counseling for misuse of company telephone privileges and military leave, garnishments by creditors including the IRS, and the service of three felony warrants at his workplace.

On July 2, 1991 Edwards sent a letter to NS's Vice President of Taxation, accusing NS officials of violating the Sherman Antitrust Act by a conspiracy to thwart a private commercial aviation venture that Edwards allegedly started. Edwards' letter accused NS of threatening him financially and with "bodily threats of harm." The letter offered to settle this claim with NS—as well as alleged violations of "The Soldiers and Sailors Relief Act" and the "Equal Opportunity Act" in return for a multi-million dollar package of payments and loans. Upon receipt of the letter, plaintiff was placed on paid leave pending an internal NS investigation into his allegations. On August 1, 1991, NS terminated Edwards' employment.

On November 21, 1991, Edwards filed a charge of age and sex discrimination against NS with the Equal Employment Opportunity Commission. The EEOC issued its determination that the evidence did not support violations of Title VII or the ADEA on August 18, 1992. Plaintiff timely filed suit in this court. Discovery has been completed, and NS has filed a motion for summary judgment. This motion is now ripe for the court's adjudication.

### II.

Under Fed.R.Civ.P. 56, summary judgment is to be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The moving party bears the burden of proof on these issues. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598,

26 L.Ed.2d 142 (1970). The Court must draw inferences most favorable to the party opposing the motion, *United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962), and the opposing party is to be given the benefit of all favorable legal theories invoked by the evidence. *Charbonnages de France v. Smith,* 597 F.2d 406 (4th Cir.1979).

Summary judgment is not inappropriate in age and gender discrimination cases merely because they involve issues of intent and motive. In order to resist a motion for summary judgment, the plaintiff cannot rest on the allegations in his complaint, but must counter the evidence produced by the defendants. *International Woodworkers v. Chesapeake Bay Plywood Co.,* 659 F.2d 1259, 1271 (4th Cir.1981). At a bare minimum, plaintiff must make out a *prima facie* case. *Palmer v. District Board of Trustees,* 748 F.2d 595, 599 (11th Cir.1984). But even establishment of a *prima facie* case does not mean the case must be submitted to the jury or that summary judgment is improper. *Lovelace v. Sherwin–Williams Co.,* 681 F.2d 230, 241 at n. 12 (4th Cir.1982). As Judge Kiser stated in *McDaniel v. Mead Corp.* 622 F.Supp. 351, 355 (W.D.Va.1985), *aff'd,* 818 F.2d 861 (4th Cir.1987):

> A plaintiff when faced with a motion for summary judgment cannot rely on attenuated possibilities that a jury would infer a discriminatory motive, but rather must come forward with sufficient evidence to establish a *prima facie* case and respond sufficiently to any rebuttal by the defendant to create a genuine issue of material fact. Even where a *prima facie* case has been established but the defendant has rebutted with a proffer of legitimate, non-discriminatory reasons for the discharge, a genuine issue of material fact is not automatically presented. (quoting *Pace v. Southern Ry. Sys.,* 701 F.2d 1383, 1391 (11th Cir.1983)).

## III. Failure to Promote

Edwards alleges that NS refused to promote him due to his age and sex in violation of Title VII and the ADEA. Under both of these statutes, a charge must be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred or be dismissed as time-barred. 42 U.S.C. § 2000e–5; 29 U.S.C. § 626; *Delaware State College v. Ricks,* 449 U.S. 250, 257–58, 101 S.Ct. 498, 503–04, 66 L.Ed.2d 431 (1980). Therefore, the court can only consider claims for non-promotion 180 days before Edwards filed his charge with the EEOC—May 25, 1991. During this time period, there were four promotions in the NS Tax Department.

Under Title VII and the ADEA, a plaintiff must prove that "but for" his employer's discriminatory intent, he would not have been subject to an adverse employment decision. *EEOC v. Clay Printing,* 955 F.2d 936, 940 (4th Cir.1992). Plaintiff can meet his burden of proof either through direct or indirect proof, or by invoking the judicially-created *McDonnell–Douglas* scheme of proof. *Id.* at 940. To establish a *prima facie* case of unlawful discrimination based on failure to promote, a plaintiff must satisfy the following four elements:

1) he is a member of a protected group;

2) he applied for and was qualified for an available position;

3) despite his qualifications, he was rejected;

4) after his rejection, the position remained available by promotion to others of his qualifications.

*McNairn v. Sullivan,* 929 F.2d 974, 977 n. 6 (4th Cir.1991).[1]

Edwards is unable to establish a *prima facie* case of unlawful discrimination based on failure to promote for three of the NS Tax Department's four promotions because he was unqualified for them. Throughout the relevant time period, Edwards was a "State Tax Accountant." The next step up in the NS Tax Department is to "Senior Tax Accountant." Two of the promotions in the Tax Department were from management to senior management posi-

---

**1.** The test is the same for Title VII and ADEA claims. *Goldberg v. B. Green & Co., Inc.,* 836 F.2d 845, 847–8 (4th Cir.1988).

tions, several steps above a Senior Tax Accountant, and therefore beyond plaintiff's qualifications. The third promotion was from Senior Tax Accountant to "General Tax Accountant," a full step beyond plaintiff's qualifications.

■ The final promotion was from State Tax Accountant to Senior Tax Accountant. The promotion was awarded to another State Tax Accountant, Ms. Ikard. Plaintiff may have been qualified for this promotion. If plaintiff establishes a *prima facie* case, the defendant must then articulate a legitimate non-discriminatory business reason for not promoting him. *McNairn,* 929 F.2d at 977. The burden then shifts back to the plaintiff to show that the articulated reason was not the real reason for the action, but was only a pretext for discrimination. *Clay Printing,* 955 F.2d at 941. Unlike Edwards, Ms. Ikard had an unblemished work record, a college degree in Business Administration, and a Certified Public Accountant license. Thus it appears that even if Edwards was qualified for this promotion, Ikard was more qualified. Edwards has no evidence that NS's reason for preferring Ikard was pretextual. Therefore, the court will grant NS motion for summary judgment on Edwards non-promotion claims. *Id.*

### IV. Discriminatory Discharge

■ To set forth a *prima facie* case of discriminatory discharge based on age or sex, a plaintiff must satisfy the following elements:

1. that he is a member of a protected class;

2. that the prohibited conduct in which he engaged was comparable in seriousness to misconduct of employees outside the protected class; and

3. that the disciplinary measures enforced against him were more severe than those enforced against those other employees.

*Cook v. CSX Transp. Corp.,* 988 F.2d 507, 511 (4th Cir.1993). If the plaintiff establishes his *prima facie* case, the employer can rebut the inference of discrimination by presenting legitimate, non-discriminatory rea-

sons for his discharge. The burden then shifts back to the plaintiff to demonstrate that the employer's reasons are not true but instead serve as a pretext for discrimination. The plaintiff, however, always bears the ultimate burden of proving that the employer intentionally discriminated against him. *Id.*

■ Edwards was terminated after presenting a letter to NS which accused the company of significant violations of the law. The company took plaintiff's allegations seriously and conducted an investigation. NS invited Edwards to submit evidence in support of his claims. He did not. As a result, NS discharged Edwards on August 1, 1991 for "conduct that is unacceptable and unbecoming an employee."

Edwards has no evidence to either support his contention that discrimination based on his gender or age effected his discharge or that NS' articulated reason for dismissing him was pretextual. Edwards has not submitted evidence that women or younger employees received more favorable treatment under similar circumstances. He is therefore unable to establish a *prima facie* case. *See Cook,* 988 F.2d at 511; *Moore v. City of Charlotte, NC,* 754 F.2d 1100 (4th Cir.1985). Even if he had put forward a *prima facie* case, Edward offered no evidence to show that NS' articulated reason for his termination—that serious, unsupported legal allegations against NS were unacceptable employee behavior—was pretextual. Thus, Edwards has been unable to show that issues of age or sex discrimination had anything to do with his dismissal. As such, the court must grant NS' motion for summary judgment on the discriminatory discharge claim.

In sum, plaintiff has been unable to raise a genuine issue of material fact regarding discriminatory treatment in either his non-promotion or discharge from Norfolk Southern. Therefore, the court grants NS' motion for summary judgment.